## STATE v. R. H., T. L. & CALHOUN SWAFFORD.

CRIMINAL LAW. *Robbery.* *Indictment.* An indictment for robbery under the Code is good, which charges the offense in the words of the statute defining the offense.

### FROM BLEDSOE.

Appeal in error from the Circuit Court of Bledsoe county.    D. C. TREWITT, J.

ATTORNEY-GENERAL LEA for the State.

J. T. R. SWAFFORD and D. L. SNODGRASS for Swaffords.

COOPER, J., delivered the opinion of the court.

The indictment in this case, charging the defendants with robbery, was quashed in the court below, and the State appealed.

The indictment is, that the defendants, on a day named, "did unlawfully, feloniously, forcibly, and vio-

lently take from the person of Rosco Bennett a pistol of the value of three dollars, the property of the said Rosco Bennett, by using force and violence."

By the Code, section 4631: "Robbery is the felonious and forcible taking from the person of another, goods or money of any value, by violence, or putting the person in fear."

The Code, section 5119, is: "All indictments for offenses designated by law, which are offenses at the common law, are good, if the offense is charged or described according to the common law."

Section 5120 says: "On the other hand, in all cases where the common law prescribes particular and technical language to describe an offense punished by this Code, it is sufficient to describe the offense according to the general rules laid down in this chapter."

The leading rule thus referred to, is contained in section 5114. "The statement of the facts constituting the offense, in an indictment, shall be in ordinary and concise language, without prolixity or repetition."

The indictment before us uses all the language of the Code defining the offense of robbery. It expressly avers a felonious and forcible taking from the person of another of a chattel of value by violence. It does not follow the usual common law form, which avers an assault, and a taking against the will. But a felonious and forcible taking by violence from the person, can only be done by an assault, and against the will. And to say that the defendants did make an assault, would not make the act charged plainer, nor would it be any more an averment of a fact, than that they

did feloniously and forcibly take from the person. It has never been necessary to state the circumstances which constitute the assault or the forcible taking from the person by violence. The essential ingredients of the offense are, the "felonious and forcible taking from the person of another, goods of value by violence," and the facts which constitute the offense as mentioned in the statute, and in the words of the statute, with some superfluous additions, are charged. No decision made since the adoption of the Code has required more.

The judgment must be reversed, and the cause remanded for further proceedings.