PALMER *v.* STATE.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

HOMER A. GODDARD, of Maryville, for plaintiff in error.

J. MALCOLM SHULL, Assistant Attorney General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The defendant was convicted on a charge of selling whisky and his punishment fixed at a fine of $100 and thirty days in jail.

A police officer of Maryville testified that on November 25, 1947, he purchased a pint of whisky from defendant on Broadway in Maryville, he being dressed in civilian clothes; that he paid for the whisky with a ten-dollar bill, the serial number of which had been recorded by Chief of Police Wright, and received a five-dollar bill in change; that he took the whisky that day to the police department and marked it.

The defendant testified that he and six other men had gone to Tellico Lodge on a hunting trip the night before, and that he and one of his associates left there at about 12:30 on the day in question and arrived in Maryville about 2:30. Defendant denied that he sold any whisky to the police officer.

In rebuttal, Sheriff Mayes and another officer testified that they saw the defendant in Maryville about 1 or 1:15 on the day in question.

Chief of Police Wright testified that after the defendant was arrested he was brought to his office and at that

time the defendant said to him, "If I am giving you so much trouble, I am going to quit selling whisky." This witness also testified that the defendant told him he had sold the whisky to the police officer.

The weight to be given the alibi testimony was a matter for the jury, taking into consideration the ease with which this defense may be supported by testimony and the various elements of weakness well recognized as incident to this defense. *Warner* v. *State*, 178 Tenn. 157, 156 S. W. (2d) 416. The jury and the trial court determined the credibility of the witnesses whom they saw and heard. *Christian* v. *State*, 184 Tenn. 163, 197 S. W. (2d) 797. The defense of entrapment is not recognized in this State. *Thomas* v. *State*, 182 Tenn. 380, 187 S. W. (2d) 529.

It is insisted by the defendant that there was no evidence that the sale was made within four miles of a school. This, however, is immaterial. The 1932 Code, Sec. 11208, makes it unlawful to sell intoxicating liquor. The 1932 Code eliminated the provision of Sec. 6795 of the old Code with reference to sales made within four miles of a school. The averment in the indictment that the sale was made within four miles of a school is surplusage and may, therefore, be disregarded. *Harris* v. *State*, 82 Tenn. 485.

We find no merit in any of the assignments of error and they are overruled. The judgment of the lower court is affirmed.

All concur.