Joseph Caruso

*v.*

State of Tennessee.

(*Knoxville,* September Term, 1958.)

Opinion filed June 5, 1958.

CHARLES B. BELL, Greeneville, for plaintiff in error.

THOMAS E. FOX, Assistant Attorney General, for the State.

MR. JUSTICE TOMLINSON, delivered the opinion of the Court.

Caruso's appeal in error is from a conviction of grand larceny with punishment fixed at three years in the penitentiary. Although out on bond, he has filed no assignments of error. Pursuant to the requirement of Section 40-3409, T.C.A., the Court has read the record for the purpose of determining if it reflects any reversible errors. It first considers that ground of Caruso's motion for a new trial which insists that the evidence preponderates against the verdict.

Around 2:00 A.M. on the morning of August 24, 1958, an officer of Greeneville, Lyle Doty, was informed that a robbery, or some such crime, was being committed in the business building of Greene County Producers. Mr.

Doty reached this building within five minutes and heard three men running and could hear water "pouring", as he expressed it. There was a creek nearby. About ten minutes after that he saw a two-tone Nash automobile bearing a Unicoi County automobile license tag.

When he entered the building he saw that the back door was open. He likewise saw a safe just outside the office with a "dolly" or cart against it. This safe had fallen over and hit one of the counters. At closing time that evening this safe, which weighed 600 pounds, was left at its usual place in the office of the company. It had been moved by the intruder a distance of five feet out of that office into the main part of the building. The cart had been used in moving it. It contained about $34,000 in money and securities.

■ The first question is whether the aforementioned facts constitute the offense of larceny. That offense is defined by Section 39-4202, T.C.A., as being "the felonious taking and carrying away the personal goods of another". Essential elements of larceny are trespass and feloniously taking possession and carrying away. Whoever it was that entered the building on that night and sought the removal of the safe did commit a trespass. But does that which was done constitute a taking and carrying away of the safe within the meaning of the statute?

The expression "carry away" used in this statute is generally referred to in the texts and decisions as "asportation". We find no decision of this Court as to whether the removal of this safe as above described is an asportation within the meaning of our statute, but numerous decisions on the point from other jurisdictions are

annotated in 19 A.L.R. 724 *et seq.,* and 144 A.L.R. 1383 *et seq.*

■ These decisions uniformly hold, and without an exception, in so far as we find, that the moving of this safe under the circumstances mentioned was an asportation thereof. In the 19 A.L.R. annotations there will be found a Nebraska case holding that "even if the removal were but a hair's breadth, it will do". *Gettinger v. State,* 13 Neb. 308, 14 N.W. 403, 404, and that "the slightest change of location—is sufficient". *Lundy v. State,* 60 Ga. 143. A number of such cases from various jurisdictions will be found in the annotations above cited. It follows that within the meaning of our statute there was a larceny of this safe.

The question now arises as to whether the evidence preponderates against the Jury's finding that Caruso was one of the three men who committed that larceny.

■ According to the manager of this store, he saw Caruso in the store in the afternoon preceding the larceny that night. He likewise saw him that afternoon in a parking lot letting down the trunk lid of a green and white Nash bearing a Unicoi County automobile license tag.

Some hours after the larceny, Caruso traveling alone, was apprehended while driving towards Greeneville a car like the one above described, and bearing the Unicoi County automobile license tag. In that automobile, in addition to various tools commonly used in the larceny, and opening, of a safe, was a pair of wet pants. In the pocket of those pants was a ticket of $2.13 "for a bag of

scratch feed". It was dated August 23, 1958. That article is sold at the Greene County Producers store. Such sales are accompanied by an issuance to the purchaser of a ticket like the one found in the pocket of these wet pants. Caruso admits buying a bag of that product the day before, but he doesn't say where. It is well to recall here that a creek runs by the Greene County Producers place of business and the police officer of Greeneville, at the same time that he heard these three men running, likewise heard water "pouring". Also there was found a pair of wet tennis shoes.

It is also significant that in this car was a hat which did not fit Caruso. In this connection, it should be recalled that the Greeneville officer saw three men running from this store as he approached it, and he says that one of them was about the height and form of Caruso.

When Caruso was arrested and questioned, he first said he had never been in Greeneville other than to pass through there several years before, but later said that he did buy a bag of seed in Greeneville. When asked where he stayed that night he at first didn't remember, but a little later in the conversation said that he slept in his car at some point near Knoxville.

Caruso did not testify.

Such being the evidence, the Court is constrained to conclude that the evidence does not preponderate against the verdict of guilty.

■ The two other grounds assigned in the motion for a new trial are that (1) it was error to not exclude from the consideration of the jury evidence as to the tools being found in Caruso's car. It is said that such evidence

216

should have been excluded because "the State had wholly failed to connect them in any way with the crime charged", and (2) allegedly improper argument of the district attorney.

As noted in the State's brief, the tools taken from Caruso's car were competent in that they indicated plainly defendant's felonious motive in moving the safe in the building.

■ The argument of the district attorney does not appear in the record; hence, the criticism thereof cannot be considered.

Affirmed.