CHARLES WADE GULLEY, JR.

*v.*

STATE OF TENNESSEE.

407 S.W.2d 186.

(*Nashville,* December Term, 1965.)

Opinion filed October 7, 1966.

David Vincent, Assistant Public Defender, Nashville, for plaintiff in error.

George F. McCanless, Attorney General, Robert F. Hedgepath, Assistant Attorney General, Nashville, for defendant in error; and Howard Butler, Assistant Dis-

trict Attorney General, Nashville, prosecuted case for State in the trial Court.

Mr. Chief Justice Burnett delivered the opinion of the Court.

The plaintiff in error, Gulley, was convicted of grand larceny. The trial court, after overruling his motion for a new trial, sentenced him in accordance with the verdict of the jury to serve from three (3) to five (5) years in the State penitentiary. It is from this conviction that this appeal comes.

The assignments of error, brief and argument in behalf of the plaintiff in error may be summed up under two propositions, to-wit: (a) that the evidence preponderates against the verdict of the jury and in favor of the innocence of the accused; and (b) that the trial court erred in allowing the State's witness to introduce a list of items, which were stolen from his business, and which were not listed in the indictment returned against Gulley.

A manager of a hardware company of Nashville testified that his business was broken into on the night of

January 21, 1965. A door was broken and a number of items of personal property stolen. This witness first called the Nashville Police and subsequently took an inventory of his stock and from that inventory prepared a list of the missing merchandise. The list of items which he prepared was given to the police authorities, and at the time of the trial was introduced into evidence over the objection of the plaintiff in error.

This witness identified, among other things, a television set at police headquarters as being one of the items which was stolen from his store. He also identified two pistols as having been stolen from his place of business. The value of the merchandise which he identified, and which got into the hands of plaintiff in error, was in excess of one hundred ($100.00) dollars.

The television set which was identified by this manager was one of a number of items which was listed in the indictment and which was loaded that night after the robbery into a car of Virginia and Curry Clemmons. Mrs. Clemmons testified that she and her husband met the plaintiff in error, Gulley, and some other fellows at a restaurant about 11:00 p.m. on that night. She stated that the plaintiff in error and these other men had a talk with her husband. Following this discussion she and her husband in company with the plaintiff in error, Gulley, drove out on Dickerson Road where they parked the car for over thirty minutes. During the time that the car was thus parked she walked to a nearby service station for a coke, and upon her return found the car loaded with "stuff". The hardware store that had been robbed is located at 2327 Dickerson Road in Nashville.

The same witness, Mrs. Clemmons, stated that she drove the car home that night. She further said that the

next morning she noticed a large number of items in a corner of one of the rooms of their house. These items were partially covered but she did see a portable television set among them.

On cross-examination by counsel for plaintiff in error she stated that her husband (who had been jointly indicted with Gulley) had agreed to a sentence of six (6) months for his part in this crime.

An employee of the restaurant where they had met that night testified that he accompanied Gulley and another man to the home of Curry Clemmons, the husband of Mrs. Clemmons, after January 21, 1965, the date of the robbery, and purchased a General Electric portable television set from them for fifty ($50.00) dollars. This witness testified that he handed this fifty ($50.00) dollars to Clemmons who was standing nearest him, whereupon the plaintiff in error, Gulley, "took the $50.00 bill away from Mr. Clemmons and said, 'give this to ole dad'." This witness further testified that he bought a rifle for fifteen ($15.00) dollars on that same occasion. He later found out that the television set and rifle had been stolen and turned them over to the police. This was the same merchandise stolen from the Inglewood Hardware Company on January 21, 1965.

The plaintiff in error, Gulley, did not take the witness stand on his behalf, and there were no witnesses offered on his behalf.

█ It seems to us unquestionably that the overwhelming evidence supports the conviction of this plaintiff in error. It is perfectly clear from this transcript that the items above mentioned, which Anderson purchased from plaintiff in error, were stolen on the night of January 21,

1965, and were included among other items set forth in the indictment. These items were loaded by plaintiff in error along with other persons into the car of his accomplice, Clemmons, around midnight of this same night, and they were loaded in the vicinity of the hardware store which had been robbed.

The television set was purchased by this witness offered in behalf of the State at such an unreasonably low price that it seems to us that it would clearly indicate that the property had been stolen. The fact is when this witness was cross-examined by the counsel of plaintiff in error he was asked about this, and it was only natural for the court and jury hearing this evidence to conclude that it had been stolen.

Then, too, the wife of one of the associates of the plaintiff in error, on examination by counsel for the plaintiff in error testified that her husband had been given a six (6) month sentence as his punishment for his part in this crime.

The evidence in this case is such that the jury could only draw one conclusion, that is, that the plaintiff in error, Gulley, is guilty. The evidence, it seems to us, excludes every other reasonable conclusion.

Since the jury has found that plaintiff in error guilty and their verdict approved by the trial judge, this unquestionably establishes the credibility of the State's witnesses and resolves any conflict in their testimony in favor of the State. The plaintiff in error, Gulley, comes to this Court with a presumption of guilt. There is nothing in this record that causes the slightest doubt about his guilt and shows in any way that the evidence preponderates against the verdict and in favor of the innocence

of the plaintiff in error. This Court over more than half a century in many, many reported and unreported cases has so held. See *Cooper v. State,* 123 Tenn. 37, 138 S.W. 826, and many statements that have been made since that time affirming this as a correct rule.

A very able and interesting argument is made on the assignments that the trial court erred in allowing a State's witness to introduce a list of items which were stolen from his business, since not all of these items were set out in the indictment returned against the plaintiff in error, Gulley.

Section 39-4202, Tennessee Code Annotated, provides that:

"Larceny is the felonious taking and carrying away the personal goods of another, and is either grand or petit."

Then it is provided if the value of the goods is one hundred ($100.00) dollars or more the person committing the larceny is guilty of grand larceny.

One of the elements of the crime of larceny is the loss of personal goods of someone. As we just stated the principal complaint and argument is that it was error to introduce the inventory list by the witness from the hardware store since all the things on this list were not included in the indictment. It was incumbent upon the State to prove that personal goods were lost by the owner of the hardware store. The list which was made up at the time of the larceny and presented to the Police Department certainly corroborated the contention of the State's witness that personal goods were stolen from him.

■ It is the general rule that it does not necessarily constitute error when a State's witness is allowed to introduce evidence that the defendant stole more items than were set out in the indictment. This general rule is correctly set forth in 52 C.J.S. Larceny, sec. 98, page 913, thus:

"As a general rule, where an indictment charges the theft of a certain number or quantity of things, the state may prove the theft of a greater number or quantity than that alleged, or even of a lesser number or quantity if the value of such number or quantity is sufficient to bring the crime within the grade of offense with which accused is charged."

Among cases cited for this general statement is that of *Warford v. State,* 175 Ark. 878, 1 S.W.2d 23, where that court held that no error was committed in proving that more goods were stolen than had been charged in the indictment; and likewise in the case of *Mattox v. State,* 115 Ga. 212, 41 S.E. 709.

■ In this case the witness from the hardware store offered on behalf of the State a prepared list of things which he had found missing following the larceny. It was natural and right that such be offered and shown, even though all of these things were not included in the indictment against the plaintiff in error. When such happens, as here, the one charged with the crime is entitled to an instruction that he cannot be convicted of stealing that which he has not been charged with stealing in the indictment. See 52 C.J.S. Larceny sec. 146, page 994.

In this case the trial judge, upon objection, did properly instruct the jury and save any possible error or

harm or prejudice to the plaintiff in error by such an instruction. The trial judge said:

"Members of the jury, the Court has permitted the State to offer in evidence here a long list of articles which list was made out by the witness, McGehee. I think this explanation should be made to the jury about this exhibit. It contains a long list of articles which the witness claims was missing from his store. Now, this defendant is only charged in this indictment with stealing certain articles that are set out and alleged in the indictment. Those are the only ones that you can determine whether or not this defendant may or may not have stolen. You are not interested in these many articles listed on here and not referred to in this indictment. With that explanation this is made Exhibit Number Two to the State's case."

In seems very clear to us that if there had been any error committed by allowing this list to be introduced that it is at the most harmless error. When it is harmless error as it certainly appears to us here, under T.C.A. sec. 27-117, for such an error a case should not be reversed.

After carefully considering this record and for the reasons stated above we think unquestionably that the judgment below should be affirmed, and it is.