JAMES V. JAMISON, Plaintiff-in-Error,

*v.*

STATE OF TENNESSEE, Defendant-in-Error.

416 S.W.2d 768.

(*Knoxville,* September Term, 1966.)

Opinion filed June 9, 1967.

WARD CRUTCHFIELD and WILLIAM R. FERGUSON, Chattanooga, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and THOMAS E. Fox, Assistant Attorney General, Nashville, for defendant in error.

MR. JUSTICE CHATTIN, delivered the opinion of the Court.

The plaintiff-in-error, hereinafter referred to as the defendant, was indicted for an assault and battery upon the person of Mrs. Iva Eaves, a female over the age of twelve years, with an intent, forcibly and against her will, to have unlawful carnal knowledge of her.

The jury, in reporting their verdict said: "We find the defendant guilty of assault with intent to ravish and fix his punishment at fifteen years."

The trial judge accepted the verdict and a judgment was entered which recites the jury found defendant,

"guilty of assault with intent to ravish and fixed his punishment at not more than fifteen years in the Penitentiary."

The judgment further states that the defendant be confined in the Penitentiary of the State for a term of not less than ten years nor more than fifteen years.

T.C.A. Section 39-603 makes it unlawful and a felony for a person to make an assault upon the person of another, with the intent to commit a felony or crime punishable by confinement in the Penitentiary. The punishment for which is imprisonment for a term of not less than one year nor more than five years, or, in the discretion of the jury, by imprisonment in the county workhouse or jail, but for not more than one year, and by fine not exceeding $500.00.

Mrs. Eaves was employed by Dalton Case as a machine operator. She rode a bus to and from her work. On the morning of November 22, 1965, she left her home and was walking to the bus stop at approximately five minutes after six A.M. It was dark. The defendant approached her from her back. He grabbed her and forced her into an alley and attempted to rape her.

During the struggle she asked the defendant to take a ten dollar bill she had in her pocketbook and leave. He replied he did not want the money. He wanted her. Defendant choked her and put a knife to her throat in an effort to keep her from screaming.

Defendant removed the victim's pants but was unable to complete the act of intercourse.

She lost her glasses, an earring and her false teeth in the alley.

She reported the incident to the police. An officer went to the scene and found her personal effects.

The defendant insisted he was at his sister's home at the time of the alleged crime. He was corroborated in this contention by his sister, brother-in-law and their children.

No assignments of error or brief was filed in support of defendant's appeal. The motion for a new trial filed in the trial court insisted the evidence preponderates against the verdict of the jury and in favor of the innocence of the defendant; and that the verdict is contrary to the law applicable to the case.

We consider the appeal in the light of these contentions.

■■■■ In considering and passing on the contention the evidence preponderates against the verdict of the jury and in favor of the innocence of the defendant, we must do so under the well settled rule as stated in *Bacon v. State,* 215 Tenn. 268, 385 S.W.2d 107 (1964), as follows:

"The verdict of the jury, when approved by the Trial Judge, accredits the testimony for the State and resolves all conflicts in favor of the theory of the State. Such a verdict has displaced the presumption of innocence and has created a presumption of guilt. Here the accused has the burden of showing that the evidence preponderates against the verdict and in favor of his innocence."

■■■ Reading this record under these rules, we are unable to say the evidence preponderates against the verdict of guilt of an assault with intent to ravish or rape.

■ However, the verdict for confinement for fifteen years is unauthorized by T.C.A. Section 39-603 and the verdict and judgment are erroneous.

The State insists, although the evidence is adequate to support the offense of an assault and battery with intent to commit rape, this Court should reduce the punishment to that authorized by T.C.A. Section 39-603. The State cites and relies on the cases of *Corlew v. State*, 181 Tenn. 220, 180 S.W.2d 900 (1964); and *Forsha v. State*, 183 Tenn. 604, 194 S.W.2d 463 (1946).

We must disagree. We do not think the cases cited are in point.

■ The general rule is when a jury fixes punishment in excess of that authorized by statute this Court can only reverse and remand. *McDougal v. State*, 64 Tenn. 660 (1875); *Van Pelt v. State*, 193 Tenn. 463, 246 S.W.2d 87 (1952).

In the case of *Corlew v. State*, supra, this Court distinguished the holding in the McDougal case from that applied in Corlew.

In the McDougal case the defendant was indicted for rape. The jury found defendant guilty of an assault with intent to commit rape and fixed his punishment authorized for rape. The verdict was inconsistent and irreconcilable. That is, the jury did not find the defendant guilty of the offense to which the punishment fixed applied. A conviction for an assault with intent to rape does no include a finding of guilt by the jury of the crime of rape.

In the Corlew case the jury found the defendant guilty of grand larceny on evidence warranting conviction of petit larceny only, and fixed his maximum punish-

ment at three years imprisonment. This Court held the sentence should be reduced to the minimum punishment of one year for petit larceny provided the State consented. A conviction of grand larceny includes a finding of guilt by the jury of petit larceny.

In the Forsha case the defendant was convicted of murder in the first degree. This Court found the evidence did not support a conviction of first degree murder, but did support a conviction for murder in the second degree. The Court corrected the judgment of the trial court by fixing the minimum sentence for murder in the second degree. A conviction of murder in the first degree includes a finding of guilt by the jury of second degree murder.

█ A verdict of an assault with intent to rape does not include a finding of guilt by the jury of an assault and battery with intent to commit rape.

It results we must reverse and remand the case for a new trial.

BURNETT, CHIEF JUSTICE, and DYER, CRESON and HUMPHREYS, JUSTICES, concur.