## R. T. FRANKLIN, JR., Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. Nov. 26, 1968.

Certiorari Denied by Supreme Court Feb. 17, 1969.

B. C. McInturff, Kingsport, for plaintiff in error.

George F. McCanless, Atty. Gen., George W. McHenry, Jr., Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., Kingsport, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendant below, R. T. Franklin, Jr., appeals from his conviction of robbery with a deadly weapon and sentence to twenty years in the penitentiary.

On December 24, 1966, Ralph Jackson (the victim) was employed at Brooks Service Station in Kingsport. Because it had been snowing, he and another employee had placed chains on automobiles. This other employee left at about 4:30 or 4:45 A.M., leaving Jackson alone. A man identified by Jackson as the defendant entered and asked to use the bathroom. He held up Jackson

with a pistol. On the defendant's demand, Jackson put the money from the cash register into a bag thrown to him by the defendant. He also struck Jackson in the head with the pistol and robbed him of a billfold containing $6. Jackson was rendered unconscious, and a customer who found him at about 5:15 A.M. notified the police. Money was also missing from the service station.

At the trial Jackson identified a cap with ear flaps and button-type insignia and a coat as being worn by the defendant. He said a .22 caliber pistol looked like the one carried by the defendant. These articles were obtained by officers in a search of the defendant's home. The robber wore a mustache and goatee; the defendant had a mustache and goatee at that time. Jackson also picked the defendant out of a lineup. He was positive as to his identification of the defendant.

The defendant is nineteen years of age. He testified that he had been at his parents' home, and that his father took him to his own home at about 1:30 or 2:00 A.M.; that he went to bed with his wife and did not leave until 9:00 A.M. the morning of the robbery. His wife corroborated him in his alibi; his mother and father testified that he had been with them earlier.

The defendant says that he was convicted upon an invalid indictment in that the words "rob" or "robbery" are not contained in it.

■■ In the trial court the defendant raised no question about the sufficiency of the indictment; he filed no motion to quash it nor did he present the question to the Court in his motion for a new trial. He may not do

so for the first time on appeal. Kirby v. State, 214 Tenn. 296, 379 S.W.2d 780; Wilkerson v. State, 208 Tenn. 666, 348 S.W.2d 314. A defendant may waive defects in indictments, and such a waiver will be imputed to him if he makes no objection to the indictment and goes to trial upon a plea of not guilty. Notwithstanding the rule in such cases, we think the indictment follows the basic language defining robbery with a deadly weapon as defined by T.C.A. Sec. 39-3901. See State v. Swafford, 71 Tenn. 162.

The defendant contends that the Court erred in permitting the following testimony on his cross-examination and in charging the jury orally on it:

"XQ  Mr. Franklin, have you ever been convicted of a felony?

A  Yes sir, once in juvenile court.

*The Court:* Gentlemen of the jury, any conviction for a felony may be looked to only as going to his credibility as a witness."

Neither the defendant nor his attorney objected to the question, his answer, nor the trial judge's action on it. This alleged error cannot be considered on appeal.

The District Attorney General's question was proper; the reply of the defendant was incorrect. Proceedings in juvenile courts are not criminal in nature.

The contention that the trial judge's oral remarks should have been in writing is without merit. The requirement that a judge's charge be in writing does not prevent the judge from making oral statements concerning the testimony to the jury during the course of the

trial. Bolin v. State, 219 Tenn. 4, 405 S.W.2d 768.

The defendant urges that the pistol, cap and coat taken from the defendant's home were obtained by an illegal search. It is specifically contended that the search warrant was not issued on probable cause because of the length of time between the time information was received by the affiant on December 27, 1966, and the time the affidavit was made and the warrant issued on January 13, 1967.

■■■ The interval of seventeen days between information given the officer in his investigation and the issuance of the warrant did not preclude a finding of probable cause by the general sessions judge. There is no requirement that the observation of the occurrence shall have been observed within any specified number of days prior to the application for the warrant. The nearer the time of the information to the time of the application for the search warrant the more effective it is to justify a conclusion of probable cause. Waggener v. McCanless, 183 Tenn. 258, 191 S.W.2d 551, 162 A.L.R. 1402.

■■■ Furthermore, in the case before us, the defendant was arrested under a warrant and the search then made. In making a lawful arrest, officers may, as an incident thereof, without a search warrant, search the place where the arrest is made for weapons and other evidence of guilt of the offense for which the lawful arrest is made. Shafer v. State, 214 Tenn. 416, 381 S.W.2d 254.

The defendant contends that a statement he made to an officer at the jail was inadmissible because he had not been properly advised of his constitutional rights.

At the time of his arrest Mr. Ruthledge, a detective of the Kingsport Police Department, in advising the defendant of his rights, told him that if he could not afford an attorney, if he would contact the Court, the Court would appoint an attorney for him. The defendant did not say anything at that time, but at the jail made an exculpatory statement to officers in which he said that his father had taken him home before the robbery; and he was there until the morning of December 24, 1966. His own testimony was essentially the same concerning his presence at the time of the crime.

Although the warning did not comply with the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, in regard to appointed counsel, the defendant did not object to the admission of this testimony. Alleged errors in the admission of testimony must be objected to in the trial court if they are to be considered on appeal. In the absence of any objection to this evidence, its admission cannot be complained of here. Vowell v. State, 207 Tenn. 598, 341 S.W.2d 735; Anderson v. State, 207 Tenn. 486, 341 S.D.2d 385.

The defendant contends that the evidence preponderates against the verdict of guilt and in favor of his innocence. The jury verdict, approved by the trial judge, accredits the testimony of the witnesses for the state and established their credibility. It displaced the presumption of defendant's innocence and put upon him the burden of showing that the evidence preponderates against the verdict and in favor of his innocence. The weight to be given the defendant's alibi testimony was for the jury. Turner v. State, 187 Tenn. 309, 213

S.W.2d 281; Palmer v. State, 187 Tenn. 527, 216 S.W. 2d 25. In our opinion the evidence does not preponderate against the verdict and in favor of the innocence of the accused, but it fully supports the verdict. Holt v. State, 210 Tenn. 188, 357 S.W.2d 57.

All assignments of error are overruled, and the judgment of the trial court is affirmed.

GALBREATH, J., did not participate in the consideration or the decision of this case.

OLIVER, J., concurs.