# PETER BLACK, JR., Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. April 14, 1969.

Certiorari Denied by Supreme Court July 7, 1969.

374

Hugh W. Stanton, Jr., Memphis, for plaintiff in error.

George F. McCanless, Atty. Gen., Paul E. Jennings, Asst. Atty. Gen., Nashville, Billy F. Gray, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

OLIVER, Judge.

Peter Black, Jr., the plaintiff in error here and defendant below, was convicted in the Criminal Court of Shelby County of assault with intent to commit robbery and was sentenced to be confined in the penitentiary for three years. His motion for a new trial being overruled, he prayed and was granted and has perfected an appeal in the nature of a writ of error to this Court.

In his motion for a new trial and by appropriate Assignments of Error in this Court, the defendant insists (1) that the evidence is insufficient to sustain the verdict of the jury and preponderates against the verdict and in favor of his innocence, and (2) that the court failed to instruct the jury with reference to the lesser included offense of assault and battery, even though not requested to do so.

■ ■ In considering the Assignments challenging the sufficiency of the evidence, we are bound by the well-established rule, settled by numerous decisions of the Supreme Court of Tennessee, that a verdict of guilt,

approved by the trial judge, accredits the testimony of the State's witnesses, resolves all conflicts in the testimony in favor of the State and establishes the State's theory of the case; that under such a verdict the presumption of innocence which the law throws around an accused and which stands as a witness for him in his trial, disappears, and upon appeal that presumption of innocence is replaced by a presumption of guilt; that this Court is not permitted to reverse a conviction upon the facts unless the evidence clearly preponderates against the verdict of the jury and in favor of the innocence of the accused; that we may review the evidence only to determine whether it preponderates against the verdict; and that the defendant has the burden of showing on appeal that the evidence preponderates against the verdict and in favor of his innocence. Turner v. State, 216 Tenn. 714, 394 S.W.2d 635; Chico v. State, 217 Tenn. 19, 394 S.W.2d 648; Johnson v. State, 217 Tenn. 234, 397 S.W.2d 170; Brenner v. State, 217 Tenn. 427, 398 S.W.2d 252; Owens v. State, 217 Tenn. 544, 399 S.W.2d 507; Harris v. State, 217 Tenn. 582, 399 S.W.2d 749; Pryor v. State, 217 Tenn. 695, 400 S.W.2d 700; Monts v. State, 218 Tenn. 31, 400 S.W.2d 722; Patterson v. State, 218 Tenn. 80, 400 S.W.2d 743; Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523; McBee v. State, 213 Tenn. 15, 372 S.W.2d 173; Gulley v. State, 219 Tenn. 114, 407 S.W.2d 186; Jamison v. State, 220 Tenn. 280, 416 S.W.2d 768.

This rule governing appellate review of criminal convictions makes unnecessary and, indeed, inappropriate, any detailed discussion of the evidence pro and con. Hargrove v. State, 199 Tenn. 25, 28, 281 S.W.2d 692,

694; Morrison v. State, 217 Tenn. 374, 397 S.W.2d 826, 400 S.W.2d 237.

Briefly summarized, the material evidence accredited by the jury shows that Charles E. Mallett parked his automobile late at night and was walking to the nearby Y.M.C.A. where he lived; that the defendant and another man attacked him; that he fought and struggled with these assailants for about five minutes, during which they knocked him down repeatedly and beat him so severely that he had to be hospitalized; that when five teen-age boys responded to his cries for help, his attackers fled and one of them took Mr. Mallett's tool box containing various instruments and tools and spare parts for an electric shaver, which he was carrying when attacked; that as one of the rescuers chased these assailants, the tool box was dropped and left in the street not far from the scene and was then and there recovered; and that Mallett's wallet, which he carried in his left front pocket, was not taken.

The defendant interposed the defense of alibi, maintaining that after he got off from work at 4:00 p.m. on the day in question he went to his room in a rooming house, read the book "To Kill a Mockingbird" by Harper Lee, and went to bed; that he did not attack Mr. Mallett that night and had never seen him before a post-arrest police identification line-up.

■ ■ The defense of alibi presents an issue of fact to be determined by the credibility of the witnesses and the weight to be given their testicony. Bright v. State, 191 Tenn. 249, 232 S.W.2d 53. The weight to be given alibi testimony is for the jury, as the judge of the credi-

bility of the witnesses testifying in support of that defense. Palmer v. State, 187 Tenn. 527, 216 S.W.2d 25; Warren v. State, 178 Tenn. 157, 156 S.W.2d 416; Stinson v. State, 181 Tenn. 172, 180 S.W.2d 883; Smith v. State, 205 Tenn. 502, 327 S.W.2d 308. By their verdict, the jury rejected the defense of alibi in this case, and from a careful review of all the evidence we are of opinion that it does not preponderate against the decision of the jury upon that issue.

■ From the foregoing review of the evidence, the conclusion is inescapable that the defendant has failed to carry the burden of demonstrating here that the evidence preponderates against the verdict and in favor of his innocence.

■ Finally, the defendant's insistence with reference to the failure of the trial judge to charge the jury concerning the lesser included offense of assault and battery is altogether untenable. Although the defendant and his accomplice did not find or take the victim's wallet, the uncontroverted evidence is that one of them did take his tool box as they fled upon approach of the boys who came to his rescue. It is immaterial that these assailants retained possession of it and its contents for only a brief period of time and then abandoned it in the street. The slightest movement of the property of another by trespass is sufficient to satisfy the law's requirement of asportation, carrying away. Caruso v. State, 205 Tenn. 211, 326 S.W.2d 434; 52A C.J.S. Larceny § 6(b), pp. 426-427. Thus, assault with intent to rob was the only issue raised by the proof as far as the character and grade of the crime is concerned.

The law is firmly established, and plainly runs through all the decisions of the Supreme Court of this State on the subject, that a charge on lesser included offenses is essential and indeed mandatory, even without any request therefor (TCA § 40-2518), if and only if the proof raises such an issue. In other words, if the proof raises an issue as to whether the defendant was guilty of the offense charged or of some lesser offense embraced therein as a matter of law, then the court is required to instruct the jury with respect to all such lesser included offenses so raised. In the absence of any proof fairly raising such an issue for the consideration of the jury, if it is clear from the evidence that the lesser degree of guilt is not involved, if there is no evidence which would permit an inference of guilt of a lesser included offense upon any view that the jury might take of it, an instruction regarding lesser included offenses is not required. Bolin v. State, 219 Tenn. 4, 405 S.W.2d 768; Patterson v. State, 218 Tenn. 80, 400 S.W.2d 743.

In each case wherein it is assigned as error that the trial judge failed to charge lesser included offenses, the facts of the particular case disclosed in the record must be considered in resolving the question. In the present case, the facts proved clearly did not raise any issue of lesser included offenses, and did not call for or require the instruction with reference to the lesser included offense which the defendant contends should have been given.

All Assignments of Error are overruled, and the judgment of the trial court is affirmed.

WALKER, P. J., concurs.

GALBREATH, Judge (dissenting).

I must respectfully dissent.

If the trial court should not have charged the lesser included offense of assault and battery in this case, then there is no meaning to Section 40-2518, T.C.A., which provides as follows:

"§ 40-2518. *Charge as to included offenses.*—It shall be the duty of all judges charging juries in cases of criminal prosecutions for any felony wherein two (2) or more grades or classes of offense may be included in the indictment, to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so."

And Section 39-608, which provides:

"§ 39-608. *Included offense under indictment with intent to kill or commit felony.*—Any person indicted for an assault with intent to kill, or to commit any other felony, may be found guilty of an assault or assault and battery, as the case may be."

There was an assault and battery committed by the defendant under the findings of the jury. During the vicious attack the victim was not disturbed in the possession of any of his property until he attempted to swing his arm and the small tool box at his tormentors. His attempt to defend himself against the assault and battery was frustrated by one of the aggressors who grabbed his arm and the tool box was thus torn from his grasp.

Under the undisputed facts it is conceivable that the jury could have found that there was no intent on the

part of the attackers to steal the tool box, which certainly would not have been as susceptible an item of property to be stolen as the currency the victim had in his undisturbed wallet. It may have been that the unprovoked attack had as its basis simply a warped desire to inflict great bodily harm on the prosecuting witness. In fact, in view of the absence of any attempt to rob the victim of available cash, this seems the more probable conclusion. Without the correct instruction of the court to the effect that the jury could, if it so chose, have found the defendant guilty of an offense that he so evidently committed, it could not do so.

It matters not whether the trial court may have been convinced of the defendant's guilt of robbery. If, by the evidence, the jury could have convicted of assault and battery, it was the judge's clear duty to charge the law as to that offense. No judicial discretion is involved, a positive duty being on the court:

"It is also the duty of the Court to define in his charge all the offenses embraced in an indictment for this crime. The jury is the exclusive judge of the facts, the Court is a witness to it of the law. When the jury has heard the facts, it is for it to say what offense, if any, has been committed against the law. However plain it may be to the mind of the Court that one certain offense has been committed and none other, he must not confine himself in his charge to that offense. When he does so he invades the province of the jury, whose peculiar duty it is to ascertain the grade of offense. However clear it may be, the Court should never decide the facts, but must leave them unembarrassed to the jury." Poole v. State, 61 Tenn. 288.

We concede the correctness of the rule as set out in Boling v. State, 219 Tenn. 4, 405 S.W.2d 768, and other cases cited therein and in the State's brief in which the defense of alibi is relied upon. In those cases there was no dispute from the evidence as to the crime involved, thus, making the sole issue for the jury's determination whether or not the defendant committed the crime. Under such factual situations there is no necessity to charge lesser included offenses. The evidence in this case, however, did permit an inference of guilt of assault and battery by whoever committed the crime and as stated in Boling v. State, supra:

> "Where evidence has been presented at the trial of the cause which permitted an inference of guilt of a lesser included offense * * * a charge on the law applicable to each such offense was mandatory."

Although there was no evidence introduced on behalf of the defendant as to the circumstances surrounding the crime the evidence adduced by the State presented the jury with basis for conflicting inferences so as to put in issue each of the elements of the felony charged, and those of the lesser offenses included therein, so that it was the province of the jury under proper instructions as to the law, to determine whether the defendant was guilty of any one of such offenses. For this reason the trial court should have charged the law applicable to assault and battery.

In my considered opinion the judgment of the lower court should be reversed and the cause remanded for a new trial with correct instructions.