JAMES FREDERICK JONES, Plaintiff in Error, v.
STATE OF TENNESSEE, Defendant in Error.

452 S.W.2d 365.

Court of Criminal Appeals of Tennessee. Feb. 12, 1970.

Certiorari Denied by Supreme Court March 16, 1970.

See also 452 S.W.2d 361.

Robert F. Hedgepath, Nashville, for plaintiff in error.

George F. McCanless, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Harry C. Templeton, Dist. Atty. Gen. Winchester, for defendant in error.

## OPINION

OLIVER, Judge.

James Frederick Jones, the plaintiff in error and de-

fendant below, now indigent and represented here by court-appointed counsel, was convicted of grand larceny in the Circuit Court of Marion County, where he was represented by retained counsel, and was sentenced to imprisonment in the State Penitentiary for not less than three nor more than five years. His motion for a new trial being overruled, he is in this Court upon appeal in the nature of a writ of error duly perfected.

In his first Assignment of Error, the defendant challenges the sufficiency of the evidence to sustain the verdict of the jury, insisting that it preponderates against the verdict and in favor of his innocence. In reviewing the evidence under this Assignment of Error, we are bound by the rule, stated and restated over and over by our Supreme Court, and this Court, that a jury's verdict of guilt, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in the evidence in favor of and establishes the State's theory of the case. Under such a verdict, the presumption of innocence, which the law accords an accused prior to conviction, disappears and is replaced by a presumption of guilt which puts upon him the burden of showing upon appeal that the evidence preponderates against the verdict and in favor of his innocence. We may review the evidence only to determine whether it preponderates against the verdict and, in doing so, we must take the verdict as having established the credibility of the State's witnesses. The verdict will be disturbed on the facts only if the evidence clearly preponderates against it and in favor of the innocence of the accused. Gulley v. State, 219 Tenn. 114, 407 S.W.2d 186; Jamison v. State, 220 Tenn. 280, 416 S.W.2d 768; Webster

v. State (Tenn. Crim. App.), 425 S.W.2d 799; Brown v. State (Tenn. Crim. App.), 441 S.W.2d 485.

The rule that the credibility of the witnesses and conflicts in the testimony are all settled by the verdict of the jury, "makes unnecessary, indeed, inappropriate, a detailed discussion of that evidence, pro and con, * * * in stating what we conclude the material facts to be as established by that testimony." Hargrove v. State, 199 Tenn. 25, 28, 281 S.W.2d 692, 694; Morrison v. State, 217 Tenn. 374, 397 S.W.2d 826, 400 S.W.2d 237.

The material evidence obviously accredited by the jury may be summarized briefly. Mr. and Mrs. Andrew Goforth left their locked Chevrolet automobile, worth about $2500, parked in front of a church in Marion County while they went in a truck to a coal mine some distance away to get a load of coal. On their return trip, they met the defendant driving their automobile. Mr. Goforth knew the defendant and recognized him. Both he and Mrs. Goforth positively identified the defendant, who lived in Grundy County. Two days later, the Sheriff of Grundy County found their automobile, completely stripped; only the bare body remained.

The defendant did not testify. He interposed the defense of alibi, and introduced witnesses who testified that on the day of the car theft he was in Hixson, South Pittsburg, and Chattanooga, Tennessee.

The defense of alibi relied upon by the defendant presented an issue of fact determinable by the jury, as the exclusive judges of the credibility of the witnesses testifying in support of the defense of alibi and of the weight to be given their testimony. Bright v. State, 191

Tenn. 249, 232 S.W.2d 53; Palmer v. State, 187 Tenn. 527, 216 S.W.2d 25; Turner v. State, 187 Tenn. 309, 213 S.W.2d 281; Stinson v. State, 181 Tenn. 172, 180 S.W.2d 883; Warren v. State, 178 Tenn. 157, 156 S.W.2d 416. In Smith v. State, 205 Tenn. 502, 327 S.W.2d 308, former Chief Justice Burnett said for the Court:

> "* * * It must be remembered that the defense of alibi, like any other fact in the trial of a criminal prosecution, must be clearly, certainly and fully established by the proof, and these fact things, that is, of an alibi, are left to the jury, with other proof in the cause. Of course the court and the jury on alibi questions look to these factual situations with great strictness and attention, to avoid being misled by them, as alibis are easily concocted and it is easy for an alibi witness to be honestly mistaken about the particular times that these things happened.

> "This Court said in Cole v. State, 187 Tenn. 459, 215 S.W.2d 824, that alibi evidence and its corroboration is to be received with caution and is to be weighed and determined like any other evidence. This obviously is and must be a correct rule."

By their verdict, the jury rejected the defense of alibi in this case and from a careful review of all the evidence we are of the opinion that it does not preponderate against the decision of the jury upon that issue. The defendant has failed to carry the burden of demonstrating here that the evidence preponderates against the verdict of the jury and in favor of his innocence.

■ ■ In his second Assignment of Error, the de-

fendant says, as he did in his amended motion for a new trial, that Mr. Goforth testified falsely at the trial. The amendment to the new trial motion which advanced this insistence stated that the falsity of Goforth's trial testimony was reflected in an attached affidavit "which represents new evidence not heretofore had by the defendant." Thus, the purpose of that amendment, signed and filed by the defendant's retained trial counsel, was to urge newly discovered evidence as a basis for a new trial. In the defendant's brief and argument in this Court great stress is placed upon the fact that the affidavit referred to in the amendment to the new trial motion is not in the record. In the first place, there is nothing in this record to show that the affidavit was ever filed with that amendment. In the second place, in our view, the absence of the affidavit is of no material significance.

The presiding fact is that the amendment does not meet the requirements for urging newly discovered evidence as a basis for a new trial. An accused seeking a new trial on the ground of newly discovered evidence must file an affidavit setting forth facts showing that he and his counsel exercised reasonable diligence and were not negligent in the search for evidence in preparation for the trial of the case, that he and his counsel had no pre-trial knowledge of the alleged newly discovered evidence, and it must be supported by the affidavit of the new witness showing the materiality of the testimony and that it had not been communicated to the accused prior to trial. Ross v. State, 130 Tenn. 387, 170 S.W. 1026; Rosenthal v. State, 200 Tenn. 178, 292 S.W.2d 1; Ivy v. State, 197 Tenn. 650, 277 S.W.2d 363.

Moreover, as already noted, the whole purport and

purpose of the alleged testimony of the affiant referred to in the amendment to the new trial motion was to impeach the testimony of the prosecutor, Andrew Goforth. In Rosenthal v. State, supra, the Court said:

"* * * This Court held in Gentry v. State, 184 Tenn. 299, 198 S.W.2d 643, 648, that a new trial was properly refused where the newly discovered evidence purported to show that a material witness of the State had committed perjury in his testimony at the trial, quoting from 39 Am.Jur., New Trial, Section 167, p. 173: ' "It is well settled that a new trial will not be granted upon the ground of newly discovered evidence where it appears that such new evidence can have no other effect than to discredit the testimony of a witness at the original trial, contradict a witness's statements, or impeach a witness, unless the testimony of the witness who is sought to be impeached was so important to the issue, and the evidence impeaching the witness so strong and convincing, that a different result must necessarily follow. * * *" '

"The State cites to the same effect, 16 C.J., p. 1205, Section 2730, in part as follows: 'The trial court has the right to determine the credibility of newly discovered evidence for which a new trial is asked, and if the Court is satisfied that, on a new trial, such testimony would not be worthy of belief by the jury, the motion should be denied. The newly discovered evidence will not be accepted as ground for a new trial unless the Court can see that its admission on a new trial will probably produce a result more favorable to defendant than the verdict on the original trial. The question is not what the jury might do, but, supposing

all the evidence new and old to be before another jury, whether they ought to return a verdict more favorable to defendant than the one returned on the original trial.' See also 23 C.J.S. Criminal Law § 1461."

Both Assignments of Error are without merit. The judgment of the trial court is affirmed.

This case was heard and submitted to the Court prior to enactment of Chapter 330 of the Public Acts of 1969 increasing the membership of the Court.

WALKER, P. J., concurs.

GALBREATH, Judge (dissenting).

I must respectfully dissent. The witness Andrew Goforth was the single most important witness against the defendant. If his testimony could be proved false, it would meet the test set out in Rosenthal v. State, 200 Tenn. 178, 292 S.W.2d 1, allowing the impeachment of a witness because "the testimony of the witness who is sought to be impeached was so important to the issue, and the evidence impeaching the witness so strong and convincing, that a different result must necessarily follow."

If we assume that the affidavit was attached to the amended motion for a new trial (and there is no real dispute on the part of the State that it was) then whether or not it would necessitate the granting of a new trial cannot be determined here because of the failure of state action on the part of one of the officials, i. e., the appointed attorney, or the clerk whose duty it was to see that this document was preserved for review on appeal. For the reasons discussed in Nelms v. State, 219 Tenn.

727, 413 S.W.2d 378, and Elliott v. State, Tenn., 435 S.W.2d 812, dealing with failure of state action on indigent appeals, I would reverse this case and remand for a new trial.