Roger LEE, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

June 14, 1973.

Certiorari Denied by Supreme Court Aug. 20, 1973.

Sam Jack Anderson and Clinton R. Anderson, Morristown, for plaintiff in error.

David M. Pack, Atty. Gen., John B. Hagler, Jr., Asst. Atty. Gen., Nashville, Heiskell H. Winstead, Dist. Atty. Gen., Rogersville, for defendant in error.

### OPINION

RUSSELL, Judge.

Roger Lee appeals his conviction for possessing marihuana for purposes of re-sale, and penitentiary sentence of not less than one (1) nor more than three (3) years.

The State's case is grounded upon the testimony of one Cameron, employed by the Morristown Police Department as an undercover officer, that on October 18, 1971, he purchased a quantity of marihuana from Lee for twenty dollars ($20.00).

The indictment charged that Lee " * * * did unlawfully and feloniously sell and possess with the intent to sell * * * marihuana * * * ". He was found guilty of "possessing marihuana for purpose of re-sale". The trial was conducted on March 16, 1972.

The Tennessee Drug Control Act of 1971, T.C.A. §§ 52–1408—52–1448, was ef-fective July 1, 1971; so this offense and prosecution were covered by its terms. Under that Act, specifically T.C.A. § 52–1432, it is unlawful to "sell, or possess with intent to * * * sell, a controlled substance". (Marihuana is a controlled substance under T.C.A. § 52–1422.) A violator, as to marihuana, " * * * is guilty of a felony and upon conviction shall be imprisoned for not less than one (1) year nor more than five (5) years and in addition thereto may be fined not more than three thousand dollars ($3,000)". Note that this portion of the Act does not proscribe the mere illegal possession of a controlled substance. That offense is dealt with in T.C.A. § 52–1432(b); and a first offense thereunder is a misdemeanor. In the case sub judice, the State contended that an actual sale was made by Lee and that he possessed the marihuana in the course of the transaction for that purpose; while Lee testified and denied the entire transaction, both as to possession and sale. Hence, the only proof before the jury was of the greater offense; and there was nothing for the jury to consider relative to the misdemeanor of mere possession.

As of the date of this offense, the *amount* of marihuana actually possessed did not control whether a felony or a misdemeanor was committed, but the issue was purely one of the intent with which the substance was possessed. It is true that a statutory inference of possession for purpose of sale is authorized if justified from the amount possessed, along with other relevant facts surrounding the arrest; and a contrary inference may arise "from circumstances indicating a casual exchange among individuals of a small amount of controlled substance". T.C.A. § 52–1432 (a)(2). So, the amount can certainly sometimes be relevant to the jury's search for the true intent behind the illegal possession.

Lee challenges the sufficiency of the indictment on the ground that it failed to inform him whether or not he was

charged with a felony or a misdemeanor, contending that since it did not state the amount of marihuana possessed for sale that it did not charge a felony. The indictment, as hereinabove quoted, did say "feloniously". But regardless of that, at the time of this offense and trial and even now a conviction for possession of marihuana for purposes of sale is a felony, regardless of the amount; although an amendment to T.C.A. § 52–1432(a)(3) effective March 30, 1972, deleted the words "for no remuneration" from the following provision:

"Any person who violates subsection (a)(1)(F) of this section by distributing a small amount of marihuana, not in excess of one-half (½) ounce, [*for no remuneration*,] shall be subject upon conviction to the provisions of subsection (b) of this section."

(Subsection (b) contains the provision by which mere possession is made a misdemeanor.) Implicitly, now (since March 30, 1972), one who "distributes" not in excess of one-half (½) ounce of marihuana *for* remuneration may be guilty of only a misdemeanor. ("Distribute", under T.C.A. § 52–1409(i), "means to deliver other than by administering or dispensing a controlled substance".) Although we do not decide the question in this case, it would appear that to "distribute" not in excess of one-half (½) ounce of marihuana *for* remuneration might, since March 30, 1972, be an included offense under a felony charge of selling marihuana. The key decision is whether distribute equates with sale. "Deliver for a remuneration" certainly has some of the characteristics of a sale. However, it is worth noting that such a judicial interpretation would give rise to the rather questionable result that possession in any amount of marihuana for sale would be a felony, while the sale of less than one-half (½) ounce would be only a misdemeanor. It is doubtful that the Legislature intended such an incongruity. Perhaps a deliverer for a remuneration was meant to be a mere conduit for the real

seller, and not one who would possess for purposes of sale himself. At any rate, what we do decide in this case is that at the time of this offense selling marihuana, and possessing it for the purpose of sale, were felonies, without regard to the amount of the substance involved; and that the indictment in the case sub judice was not defective in failing to set out the amount of the controlled substance (marihuana) involved.

Much of what has been hereinabove written is also relevant to the assignment of error which complains of the trial judge's refusal to charge:

"It may be inferred from the amount of controlled substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing. It may be inferred from circumstances indicating a casual exchange among individuals of a small amount of controlled substances that the controlled substances so exchanged were possessed not with the purpose of selling or otherwise dispensing of them in violation of the provisions of Section 25(a) of the Tennessee Drug Control Act of 1971."

It is argued that this requested instruction was copied verbatim from T.C.A. § 52–1432(a)(2) and that the charge is mandatory in a case where the defendant is charged with possession with the intent to sell. Said statute does say: "Such inferences shall be transmitted to the jury by the trial judge's charge and the jury will consider such inferences along with the nature of the substance possessed when affixing the penalty".

As mentioned earlier in this opinion, what the jury is seeking to determine in a proper case, by the assistance of these authorized inferences, is the true intent behind an illegal possession. For example, a large amount possessed by one person in a crowd of non-possessing potential users logically supports the inference that the

possessor intends to sell all or a portion of the substance. Conversely, a casual exchange of a small amount of the controlled substance naturally tends to negate the thesis of possession for sale.

■ We hold that a charge upon these inferences is mandated by the statute, where the intent with which the controlled substance is possessed is an issue before the jury. In the case sub judice, there is no charge of mere illegal possession, and no proof of that offense. The State's proof of possession is totally related to the possession at the time of the alleged sale, which is proof therefore of felony possession for purposes of sale. The defendant denied possession of the controlled substance altogether, saying that he never possessed nor sold marihuana. Hence, neither side postulated a case of mere illegal possession. We hold, therefore that the requested charge was not required to be given in this context, under the established rule that a charge is not required upon an offense not made out by the evidence. Mere illegal possession of a controlled substance is not necessarily an included offense under a charge of possession for purposes of sale, because controlled substances may sometimes be legally obtained but illegally sold, in which context the possession with intent to sell becomes felonious with the formation of the intent to sell. Because possession of a controlled substance is not always illegal, it cannot be said that mere illegal possession is always an included offense under a charge of possession for purposes of sale. See our opinion in the case of Cleve Cole v. State, filed at Knoxville on January 3, 1973; certiorari denied by our Supreme Court on February 20, 1973. We held in that case that it was not error to refuse to charge upon mere illegal possession, where the State's evidence reflected a consummated sale and the defendant denied any possession for any purpose, under the rule stated in Black v. State, 1 Tenn.Crim.App. 373, 443 S.W.2d 523, as follows:

"[7, 8] The law is firmly established, and plainly runs through all the decisions of the Supreme Court of this State on the subject, that a charge on lesser included offenses is essential and indeed mandatory, even without any request therefor (T.C.A. § 40–2518), if and only if the proof raises such an issue. In other words, if the proof raises an issue as to whether the defendant was guilty of the offense charged or of some lesser offense embraced therein as a matter of law, then the court is required to instruct the jury with respect to all such lesser included offenses so raised. In the absence of any proof fairly raising such an issue for the consideration of the jury, if it is clear from the evidence that the lesser degree of guilt is not involved, if there is no evidence which would permit an inference of guilt of a lesser included offense upon any view that the jury might take of it, an instruction regarding lesser included offenses is not required. Bolin v. State, 219 Tenn. 4, 405 S.W.2d 768; Patterson v. State, 218 Tenn. 80, 400 S.W.2d 743."

■ Error is assigned upon the Court's refusal to charge the statutory definition of marihuana. The State's expert proof was unequivocal in describing the substance sold in this case as having been marihuana, and there was no proof to the contrary. The statutory definition sets out what is marihuana and what part of the plant and product is not. In the absence of any relevant issue, there was no error in refusing the charge.

A related assignment contends that Lee was denied a portion of the confiscated substance for purposes of analysis. The record does not bear out this contention. When the question was first raised, it was directed toward obtaining a delay. Bad weather forced a trial delay, but no further request for a specimen was made prior to trial, although the court had clearly stated that the defendant had a right to a specimen for purposes of testing.

The chain of custody and identification of the controlled substance is questioned;

but we find the assignment to be without merit.

The legal sufficiency of the convicting evidence is questioned; but we find it to be adequate to support the jury's verdict. That being so, then certainly the assignment complaining of the trial court's refusal to direct a verdict is without merit.

The Drug Control Act of 1971 is said to be unconstitutionally vague, overbroad, and lacking in sufficient notice as to what constitutes a criminal offense under its provisions; and it is contended that the indictment should have been quashed because the Act violates the due process and equal protection clauses of the U.S. Constitution and Article I, Section 8 of the Tennessee Constitution by "invalidly delegating purely legislative powers". We hold the Act, as it applies to the proscription of the possession of marihuana for purposes of sale, to be in all respects constitutional.

The next assignment has to do with Lee's motion for a preliminary hearing, filed after he had already been indicted. We overrule the assignment. See State v. Hudson, Tenn.Crim.App., 487 S.W.2d 672.

We hold, contrary to defendant's contention, that the indictment was not vague and lacking in sufficient information for him to be able to prepare his defense. Neither the name of the buyer nor the quantity sold was essential in this case.

Lee's counsel sought to quash the jury panel, simply because some of the jurors who subsequently were accepted and served had apparently been spectators in the courtroom during earlier drug cases. Nothing appears that tends to show that any juror was unable to give Lee a fair trial. See Brown v. State, 220 Tenn. 709, 423 S.W.2d 493, which approves the rule that previous jury service upon an issue merely similar to the one on trial does not disqualify; and even service in the same case upon a different issue will not disqualify.

Another assignment is based upon the trial judge's refusal to grant a defense motion that the testimony of one Eddie Allison, a fugitive who was present when this sale was made, be secured under the provisions of T.C.A. § 40–2429 et seq. There was no showing that Allison would be beneficial as a witness to the defendant, and apparently Allison was a police informer who was working closely with the authorities and the undercover officer who made the buy from Lee. Allison was himself a fugitive, and his arrest was apparently not possible at that time. This motion was not argued until shortly before the trial was scheduled for the second time. What the witness would testify to was not in complete harmony with the defendant's own testimony, and blended better with the State's theory. In view of all of the circumstances, the trial court did not err in refusing to delay the trial for this purpose.

Finally, error is assigned upon the trial court's alleged refusal to allow defense counsel to develop on cross-examination the exact status of Cameron, the undercover agent, as to whether or not he was a police officer. We find the facts to be clearly in the record, and the only real dispute is in their legal effect. Cameron was a paid, sworn officer; but not hired in the prescribed routine way set out in the municipal code for civil service police officers, nor paid on the regular payroll. He was not in any sense an accomplice of Lee in the possession of marihuana for purposes of sale. The jury had all of the facts on the issue before it, and the learned trial judge did not improperly limit cross-examination on the subject.

We affirm the conviction.

MITCHELL, J., concurs.

DWYER, J., dissents.

DWYER, Judge (dissenting).

I respectfully disagree with my learned colleagues in their treatment of this case.

My disagreement is predicated upon the sole assignment of error pertaining to the

learned trial court's refusal to charge the timely submitted special request on inferences. See T.C.A. § 52–1432(a)(2).

It is my position that the defendant, Roger Lee, had to possess the marihuana in order to sell it. He could not have sold the marihuana without possessing it. Hence, the evidence has clearly raised the issue of possession; and it is for the jury, in its wisdom, to determine with what intent the marihuana was possessed. When the evidence raises the issue it is then incumbent on the trial court to instruct the jury on the law applicable to the issue raised. See Taylor v. State, 212 Tenn. 187, 191, 369 S.W.2d 385. Here we not only have an issue raised by the evidence requiring an appropriate instruction; but we also have statutory wording, "shall", making the instruction mandatory. See T. C.A. § 52–1432 and Louisville & Nashville R. Co. v. Hammer, 191 Tenn. 700, 705, 236 S.W.2d 971.

The failure of the learned trial judge to charge the request limited the jury in its power to assess, if they so desired, a lighter term of imprisonment. It certainly denied the defendant the right to have the jury make the determination from the amount possessed, of whether the substance was possessed with the intent to sell it or the intent to casually exchange it.

I cannot agree that Lee, by denying the sale, forfeits his right to the charge, anymore than would an alibi defense forfeit a person's right to a charge on all the degrees of homicide included in a first degree murder indictment.

In short, my construction of the act, T. C.A. § 52–1432(a)(2), simply vests the jury with the power and authority, in their wisdom, to say from the facts and circumstances surrounding the arrest coupled with the amount of substance involved, whether it was possessed for "sale" or "casual exchange". When, as here, the proof makes out a sale this still should not preclude the jury from saying, "even though it was a sale we think it was a cas-

ual exchange and reduce the punishment accordingly." In the absence of the requested charge this jury was allowed to make a determination without a full exposition of the law. See McCoy v. State, Tenn.Cr.App., 466 S.W.2d 540, 542.

I would reverse for the failure of the learned trial court to charge the requested instruction.