IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

NOVEMBER 1997 SESSION


FILED

November 25, 1997

Cecil Crowson, Jr.

Appellate Court Clerk

STATE OF TENNESSEE,   *   C.C.A. # 02C01-9706-CR-00207

    Appellee,   *   SHELBY COUNTY

VS.   *   Hon. Bernie Weinman, Judge

RONNIE LAUDERDALE,   *   (Possession of a Controlled Substance

    Appellant.   *   with Intent to Deliver)

For Appellant:

James V. Ball, Attorney
217 Exchange Avenue
Memphis, TN 38105

For Appellee:

John Knox Walkup
Attorney General and Reporter

Deborah A. Tullis
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

Glen Baity
Assistant District Attorney General
Criminal Justice Complex, Ste. 301
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

The defendant, Ronnie Lauderdale, was convicted of the unlawful possession of marijuana, in excess of 14.175 grams, with the intent to deliver. The trial court imposed a Range II, workhouse sentence of three years and assessed a fine of $2,000.00.

In this appeal of right, the single issue is whether the evidence at trial was sufficient to support the verdict. We affirm the judgment of the trial court.

At about 10:00 A.M. on April 27, 1996, Detective Terry Bishop of the Narcotics Division of the Shelby County Sheriff's Department received a telephone report from an anonymous female caller who claimed to have seen a large amount of narcotics in the possession of a black male driving a white Chevrolet pickup truck with Texas tags. The caller described the individual as in his mid-30's, approximately six feet tall, and having a muscular build. The caller informed the detective that the drugs were in the truck at the Hampton Inn at Perkins and American Way.

Detective Bishop found the vehicle and learned that the registration was in the name of the defendant. A dog trained to detect illegal narcotics was transported to the scene and indicated a confirmation of the presence of drugs inside the truck. Shortly after Detective Bishop inquired about the defendant at the registration desk, he saw a man meeting the description he had been provided walking across the parking lot toward the motel.

When questioned, the defendant identified himself, acknowledged ownership of the Chevrolet truck and, after being advised of the anonymous tip,

2

consented to a search. The officers, who described the defendant as "very cooperative," found three pounds of marijuana and a black bag containing $5,600.00 in cash in the locked cab of the vehicle. Three bags containing marijuana residue and seeds were found in the bed of the truck.[1]

The defendant, who was placed under arrest, denied any knowledge of the marijuana. He claimed that he had loaned the truck to someone the night before, but did not know his name. Later, the toxicology laboratory at the University of Tennessee was able to confirm that the seized substance was marijuana.

Under cross-examination at the ensuing trial, Detective Bishop admitted asking the defendant, who was on parole for a federal narcotics conviction, to become an informant. The defendant declined, protesting his innocence on this charge.

Xavier Averyhart, called as a witness for the defense, testified that he had seen an acquaintance from his high school, Virgil Cook, walking from his black Audi car toward the defendant's truck about an hour before the anonymous call was made to the police. Averyhart claimed that he saw Cook, who was holding a bag, open the door to the defendant's truck. He conceded that he was unaware of whether Cook had permission to enter the truck.

The defendant, a thirty-nine-year-old construction site lab technician for Maxim Technology and Engineering of Texas, acknowledged that he had one prior drug conviction in the state court and one in the federal court He testified that he was in Memphis on a family matter and had been asked by his employer to

_____

[1]By the time of trial, the cash was returned to the person claiming ownership.

3

purchase two trucks while in this state.  He recalled contacting Averyhart and Cook just after his arrival on the evening prior to the arrest.  He claimed that Cook, who accompanied him to a bar, borrowed his truck at about 1:30 A.M. to move some tires and returned within thirty minutes.  The defendant contended that he never saw Cook again.  He testified that he met Averyhart for breakfast the next morning at a Shoney's located across the street from the Hampton Inn.  He met Detective Bishop upon his return to the motel.  The defendant conceded that, when confronted by the officer, he signed a form consenting to a search of the truck.  He contended that he was shocked to learn of the presence of the drugs.

The principles that govern our review of a jury verdict are well settled. On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom.  State v. Cabbage,  571 S.W.2d 832, 835 (Tenn. 1978).  When the sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  State v. Evans, 838 S.W.2d 185, 190-91 (Tenn. 1992); State v. Shelton, 851 S.W.2d 134, 138 (Tenn. 1993); Tenn. R. App. P. 13(e).

The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the trier of fact.  State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984).  A jury verdict, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in favor of the state. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983).

The state may use direct evidence, circumstantial evidence, or a

4

combination of both to prove the requisite elements of a criminal offense. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987). The weight to be given circumstantial evidence, and any inferences to be drawn therefrom, "are questions primarily for the jury." Marable v. State, 313 S.W.2d 451, 457 (Tenn. 1958).

Tennessee Code Annotated § 39-17-417(a)(4) prohibits the possession of a controlled substance with the intent to manufacture, deliver, or sell. Possession, which may be either actual or constructive, can be established by evidence that the defendant has the ability and the intent to exercise dominion or control of the substance. State v. Brown, 823 S.W.2d 576, 579 (Tenn. Crim. App. 1991). Marijuana, of course, qualifies as a controlled substance. Tenn. Code Ann. § 39-17-415(1). Our statutory law permits juries to infer possession for resale or delivery "from the amount of [the] controlled substance ... possessed by an offender, along with other relevant facts surrounding the arrest...." Tenn. Code Ann. § 39-17-419; see Lee v. State, 498 S.W.2d 909, 911 (Tenn. Crim. App. 1973). A violation of Tenn. Code Ann. § 39-17-417, as to marijuana, a Schedule VI controlled substance, may qualify as a Class E felony if "not less than one-half (1/2) ounce (14.175 grams) nor more than ten pounds (10 lbs.) (4535 grams)." Tenn. Code Ann. § 39-17- 417 (g)(1).

In our view, the jury was well within its prerogative by determining that the defendant had possession of the marijuana with the intent to resell. This court is simply not authorized to reweigh the evidence or to assess the credibility of the defendant's insistence that Cook was the real culprit. The large amount of cash, the large amount of the illegal drug, the manner of storage, and the marijuana residue found in the bed of the defendant's truck all lend credence to the verdict. A rational basis existed for the jury's conclusion that the defendant possessed the marijuana

5

with the intent to deliver.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:

_____
David G. Hayes, Judge

_____
Joe G. Riley, Judge