IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1993 SESSION

FILED

July 5, 1996

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 01C01-9306-CC-00190 |
| | ) | |
| Appellee, | ) | Maury County |
| | ) | |
| v. | ) | Hon. James L. Weatherford |
| | ) | |
| BOBBY LOVE, | ) | (Aggravated Assault) |
| | ) | |
| Appellant. | ) | |

For the Appellant:                           For the Appellee:

Jerry C. Colley                              Charles W. Burson
Attorney at Law                              Attorney General & Reporter
Post Office Box 1476
Columbia, Tennessee 38402-1476               John B. Nisbet, III
(Appeal Only)                                Assistant Attorney General
                                             Criminal Justice Division
Gary Howell                                  450 James Robertson Parkway
Attorney at Law                              Nashville, Tennessee 37243-0493
710 North Main Street
Post Office Box 442                          T. Michael Bottoms
Columbia, Tennessee 38402                    District Attorney General
(Trial Only)
                                             Robert C. Sanders
                                             Kymberly Hattaway
                                             Assistant District Attorneys General
                                             Post Office Box 1619
                                             Columbia, Tennessee 384021619

OPINION FILED: _____

REVERSED & REMANDED

C. Creed McGinley
Special Judge

OPINION

Appellant, Bobby Love, was convicted in Maury County Circuit Court of the crime of aggravated assault, a Class C felony, by a jury. The trial court found that appellant was a standard offender and imposed a Range I sentence of confinement for six years in the Department of Correction and ordered restitution to the victim.

Appellant presents two issues for review. He contends that:

1. The trial court erred in overruling his motion for new trial based on the grounds of newly discovered evidence.

2. The trial court erred in overruling his motion for new trial based on the grounds of ineffective assistance of counsel.

After a careful review of all records, we reject the appellant's first issue that he is entitled to a new trial on the grounds of newly discovered evidence. However, this court holds that ineffective assistance of counsel denied appellant his constitutional right to a fair trial. Appellant's conviction must be reversed and the case remanded for a new trial.

Facts

Bobby Love is charged with aggravated assault resulting from an incident which occurred at Partner's Lounge in Columbia, Tennessee, on June 19, 1989. The prosecuting witness, John Marks, claims that the defendant approached him inside the bar and asked if he wanted to fight. Marks claims that he had no reason to fight the defendant. He also claims that the defendant then followed him outside to the parking lot and cut him with a knife. Marks states that at this point he pulled a knife and the defendant returned to the bar. Marks further states that several patrons of the bar came outside to restrain him from reentering the bar with a hatchet. The police were called to the scene to investigate the incident and the arrest of Bobby Love followed.

The defendant's testimony contradicts that of John Marks. The defendant, Bobby Love, testifies that Marks approached him inside the bar and wanted to fight. He testifies that he left the bar and a fight ensued in the

2

parking lot.  The defendant alleges that Marks pulled a knife and attacked him first.  He claims that he pulled his knife in order to defend himself.

During the course of the trial, the state called three witnesses.  These included: John Marks, Officer Lonnie Lyles of the Columbia Police Department, and Sgt. Jay Hooks of the Columbia Police Department.  The defense called three witnesses as well.  These included: Steve Morton, a witness to the altercation, Bobby Love, the defendant, and Officer Lonnie Lyles of the Columbia Police Department.  A jury in Maury County Circuit Court found Bobby Love guilty of aggravated assault.

## Discussion

### A.  Newly Found Evidence

One basis of appellant's appeal is the existence of newly found evidence.  Appellant submits that after his conviction, his trial attorney inadvertently found out about a new witness.  This witness was an impartial observer of the altercation who would corroborate the testimony of the defendant.  In order to warrant a new trial based upon newly discovered evidence several requirements must be satisfied.  In Jones v. State, 2 Tenn. Crim. App. 160, 165, 452, S.W.2d 365, 367 (1970), the Court of Criminal Appeals of Tennessee found:

> An accused seeking a new trial on the ground of newly discovered evidence must file an affidavit setting forth facts showing that he and his counsel exercised reasonable diligence and were not negligent in the search for evidence in preparation for the trial of the case, that he and his counsel had no pre-trial knowledge of the alleged newly discovered evidence, and it must be supported by the affidavit of the new witness showing the materiality of the testimony and that it had not been communicated to the accused prior to the trial.

Furthermore, the Tennessee Supreme Court ruled in Clarke v. State, 218 Tenn. 259, 278, 402 S.W.2d 863 (1966), that evidence which was cumulative or which attempted to impeach a witness did not entitle a defendant to a new trial.

It is the job of this court to determine whether (A) the defendant and his counsel exercised reasonable diligence and were not negligent in the search

3

for evidence and (B) whether the new evidence is cumulative or attempts to impeach a witness.

Reasonable diligence is defined as a fair, proper, and due degree of care and activity, measured with reference to the particular circumstances. BLACK'S LAW DICTIONARY 412 (5th ed. 1979). It is the opinion of this court that reasonable diligence was not exercised. The defendant makes no mention of his attempt to locate and question this new witness. Further, the attorney for the defendant never attempted to locate other patrons of the bar who might have witnessed the altercation. Therefore, we see no degree of reasonable diligence.

This court finds that the newly discovered evidence in this case does not warrant a new trial, due to the lack of due diligence by the defendant and counsel.

## B. Ineffective Assistance of Counsel

Appellant submits that the ineffectiveness of his trial counsel deprived him of his constitutional right to a fair trial. In order to award a new trial on this basis, it is the responsibility of the appellant to show that his attorney was ineffective. The standards for ineffectiveness of counsel in Tennessee are set forth in Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). This standard requires that the advice given or services rendered by the attorney be within the range of competence demanded of attorneys in criminal cases. The United States Supreme Court has further clarified the ineffective counsel issue in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). The Supreme Court, in this case, set forth a two-prong test for ineffective counsel. First, the defendant must show that the counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense. This includes showing that counsel's deficient performance deprived the defendant of a fair trial.

The trial court in this case found "that retained trial counsel was competent, effective and exercised due diligence under the circumstances in the preparation and conduct of the trial." The findings of fact are conclusive on appeal unless the evidence preponderates against the judgment. Butler v.

4

State, 789 S.W. 2d, 898 (Tenn. 1990). A review of the record in this case convinces this court that the proof preponderates against the finding by the trial court that the defendant had effective assistance of counsel.

On the first issue this court finds that the defendant has proven that the performance of his trial counsel was deficient. Secondly, it is the opinion of this court that the deficiency of counsel prejudiced the defense. A number of prejudicial deficiencies of defense counsel can be ascertained from the records.

A. Absence of defendant at Preliminary Hearing - The defendant asserts and defense counsel admits that the defendant was not correctly notified of the date of his preliminary hearing. Defense counsel further concedes that he told his client the wrong day of the hearing, and he continued with the hearing despite the absence of his client. While this in itself is not conclusive, it is the first in a line of deficiencies.

B. Absence of an effective defense strategy - The affidavits of the defendant, defense attorney, and Tommy Tucker, as well as the record itself, indicate that defense counsel was deficient in his preparation for the trial. The defendant alleges that he gave his attorney the names and addresses or places of work of three witnesses to the alleged assault. These witnesses were impartial observers to the incident who could corroborate the story of the defendant. Of these three witnesses, only one appeared and testified at trial. The witness who did testify, Steve Morton, was found by the defendant's wife and brought to court by her on the day of trial. Counsel for the defense did not talk to any of these witnesses before trial, did not issue subpoenas, and did not insure that the witnesses would be present for trial. Tommy Tucker, one of the uncalled witnesses, states in his affidavit that Bobby Love acted in self defense. The trial attorney, in his testimony during the hearing for a new trial was questioned about the uncalled witnesses. When asked

5

whether the credibility of the testimony of these witnesses would have been such that it could have changed the outcome of the trial, the trial attorney answered: "From my experience, yes . . .It would have given you the opportunity to argue to the jury that these people don't have a horse in the race, and that therefore there's no reason to doubt what they're saying."

It is the opinion of this court that the performance of defense counsel was deficient and that this deficiency directly prejudiced the defense, as set forth in Strickland v, Washington, supra.  It is the opinion of this court that there is a reasonable probability that, but for counsel's deficient representation, the verdict in this case would have been different.   Therefore, counsel's ineffectiveness deprived the appellant of a fair trial.

Bobby Love's conviction is reversed.  The case is remanded to the trial court for a new trial.


_____
C. Creed McGinley, Special Judge

CONCUR:


_____
John H. Peay, Judge


_____
Joseph M. Tipton, Judge

6