## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### APRIL SESSION, 1999

FILED

May 20, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 02C01-9810-CC-00311 |
| Appellee | ) | |
| | ) | HARDEMAN COUNTY |
| vs. | ) | |
| | ) | Hon. Jon Kerry Blackwood, Judge |
| ROBERT CRISP, JR., | ) | |
| | ) | (Delivery of cocaine less than .5 grams) |
| Appellant | ) | |

For the Appellant:

**Karen T. Fleet**
Attorney at Law
P. O. Box 401
Bolivar, TN 38008

(ON APPEAL)


**Linda Sesson Taylor**
Attorney at Law
423 North Highland Avenue
P. O. Box 1671
Jackson, TN 38302

(AT TRIAL)

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Patricia C. Kussmann**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493


**Elizabeth T. Rice**
District Attorney General

**Jerry W. Norwood**
Asst. District Attorney General
Hardeman County Courthouse
Bolivar, TN 38008


OPINION FILED: _____

AFFIRMED


**David G. Hayes**
Judge

## OPINION

The appellant, Robert Crisp, Jr., was convicted of one count of delivery of cocaine less than .5 grams, a class C felony, in the Hardeman County Circuit Court. The trial court imposed a sentence of three years in the Department of Correction, to serve thirty days with the remainder on probation. In this appeal as of right, the appellant argues:

    I. Newly discovered evidence exists which, if presented, would have resulted in a different judgment at trial; and

    II. The evidence is insufficient to support the jury verdict.[1]

We affirm the judgment of conviction and sentence entered by the trial court.

## Background

Kenneth Jones, an investigator with the Milan Police Department, was assigned to assist the Bolivar Police Department in the surveillance of drug activities in the city of Bolivar during the period between July 1997 and January 1998. On July 15, 1997, Kenneth Jones met with Bolivar Police Officer Mike Jones at which time a Cadillac outfitted with a "pin hole camera" was provided for the undercover operation. Kenneth Jones then proceeded to a residence located at 219 Margin Street, Bolivar where he would attempt to purchase crack cocaine.[2]

---

[1]The appellant also raises as an issue that the sentence imposed is excessive. However, he concedes, in his brief, that "if, in fact, the appellant had committed this crime, this sentence would not in any manner be excessive." Accordingly, we need not address this issue herein.

[2]Kenneth Jones testified at trial that the residence was either 215 or 219 Margin Street. On cross-examination, he stated that the house may have been at 319 Margin Street and he could not be more definite without his field notes.

Outside the residence at 219 Margin Street, Kenneth Jones observed a man, later identified as co-defendant Rickey Bowles, standing outside the residence. Kenneth Jones asked the man if he could get "three for four."[3] Co-defendant Bowles informed Kenneth Jones that they would have to go inside the house and talk to the "main man." Jones parked the Cadillac in the driveway and accompanied Bowles into the house.

Inside the residence, the appellant emerged from a room in the back of the house. Again, Kenneth Jones asked to purchase fifty dollars of crack cocaine. The appellant and Bowles then discussed whether they had seen Jones before. Apparently, satisfied regarding Kenneth Jones' identity, the appellant and Bowles agreed to complete the transaction and Bowles delivered three rocks of what was later identified to be .3 grams of crack cocaine to Officer Jones. Kenneth Jones then left the residence and rendezvoused with Mike Jones, at which time the controlled substance was transferred to an evidence envelope.

The appellant was indicted in January 1998, following the conclusion of the undercover drug operation in Bolivar. At the appellant's subsequent trial, on May 18, 1998, Officer Kenneth Jones testified that, although he had never met the appellant until the day of the drug transaction, he recognized the appellant from prior photographs he had reviewed. He explained that, before the undercover operation began, Mike Jones showed him photographs of individuals to determine whether he had previously made controlled buys from any of these persons. Kenneth Jones testified that he was "100 percent positive" that the appellant was the individual in the house that took his money in exchange for cocaine.

Officer Mike Jones testified that he recovered the contraband from Kenneth Jones immediately after the controlled buy transaction. He sealed the evidence in

---

[3]Three rocks of crack cocaine for forty dollars.

an envelope and personally delivered the substance to the TBI Crime Laboratory in Jackson. Mike Jones also explained that, in accordance with his departmental policies, the name of the undercover officer, Kenneth Jones, was not placed on the evidence envelope in order to protect his identity.

Prior to trial, the appellant provided notice of his intent to rely upon an alibi defense. At trial, he presented several witnesses in support of this defense. Monica Woods, the appellant's first cousin, testified that, on July 15, 1997, she and the appellant traveled to the casinos in Tunica, Mississippi. Specifically, she stated that they had left Bolivar at approximately 8:15 that morning and did not return until 2:00 the next morning. Woods explained that she was certain of the date because she had just received her child support check, which she receives on the fifteenth of each month, and she cashed the check before leaving for the casino. The appellant's co-defendant, Rickey Bowles, whose trial date was pending, also testified for the appellant.[4] Bowles related that he was never in the presence of the appellant on July 15, 1997. Following this statement, Bowles then invoked his Fifth Amendment privilege against self-incrimination to all further questions.

The appellant took the stand in his own defense. He explained that he owned three houses, 219 Margin, 662 Mitchell, and one on Rogers Street. The houses were left to him as part of his inheritance. Although he owned the houses, the appellant maintained that he did not live at any of the properties. He testified that co-defendant Bowles and Laray Buntyn lived at the residence at 219 Margin Street.[5] He added that many people often stayed at that residence, "the house was open all the time." The appellant testified that he was in Tunica, Mississippi on the date the alleged drug transaction occurred.

---

[4]The record indicates that co-defendant Bowles pled guilty to this offense May 22, 1998.

[5]Although the appellant was not related to Rickey Bowles, he explained that he was the guardian over Bowles' social security disability check and that he furnished Bowles with a home because Bowles had no where else to go.

Based upon this evidence, the jury found the appellant guilty of delivery of less than .5 grams of cocaine.

### I. Newly Discovered Evidence

On September 9, 1998, a hearing was held on the appellant's motion for new trial. The appellant's motion relied, in part, on newly discovered evidence, *i.e.*, the sworn statement of Laray Charles Buntyn. Buntyn's affidavit related that, on July 15, 1997, he resided with Rickey Bowles at 219 Margin Street, Bolivar. At that time, his sole means of support was the sale of illegal controlled substances. He conceded that it was he, rather than the appellant, who along with Rickey Bowles sold crack cocaine to the undercover officer. He further asserted that the appellant was not at the residence at 219 Margin Street when the transaction occurred. On the date of the trial, May 18, 1998, Buntyn, a juvenile, stated that he was incarcerated at the Nashville Preparatory School and, thus, was unable to testify for the appellant.

The appellant contends that the sworn statement of Laray Buntyn "is so material that a different result would follow in that it goes beyond mere impeaching testimony and in fact does exonerate the defendant." Accordingly, he argues that the trial court erred in denying his motion for new trial on the grounds of newly discovered evidence.

In seeking a new trial based on newly discovered evidence, a criminal defendant must establish (1) reasonable diligence in attempting to discover the evidence; (2) the materiality of the evidence; and (3) that the evidence would likely change the result of the trial. State v. Meade, 942 S.W.2d 561, 565 (Tenn. Crim. App. 1996) (citing State v. Nichols, 877 S.W.2d 722, 737 (Tenn. 1994) (citing State v. Goswick, 656 S.W.2d 355, 358-360 (Tenn. 1983))). If the defendant fails to show

5

that he and/or his attorney exercised reasonable diligence in the procurement of a witness at the original trial, the trial court may properly deny a motion for new trial based on newly discovered evidence. See State v. Gentry, No. 02C01-9708-CC-00304 (Tenn. Crim. App. at Jackson, Sept. 14, 1998) (citing Hawkins v. State, 417 S.W.2d 774 (Tenn. 1967)). Moreover, the trial court is afforded broad discretion in deciding whether to grant or deny a motion for new trial based on newly discovered evidence and its decision will not be overturned on appeal absent a clear abuse of discretion. See State v. Walker, 910 S.W.2d 381, 395 (Tenn. 1995), cert. denied, -- U.S. --, 117 S.Ct. 88 (1996).

The appellant maintains that (1) he and his attorney exercised reasonable diligence in the search for evidence in preparation of the case, (2) he and his counsel had no pre-trial knowledge of such new evidence; and (3) the facts contained in the affidavit of the witness Buntyn had not been communicated to the accused prior to trial. Despite these assertions, we conclude that the proof fails to support the appellant's exercise of reasonable diligence in discovering the statement of Laray Buntyn.

In order to show reasonable diligence, the defendant must demonstrate that neither he nor his counsel had knowledge of the alleged newly discovered evidence prior to trial. See Meade, 942 S.W.2d at 566 (citing Jones v. State, 452 S.W.2d 365, 367 (Tenn. 1970)). First, the "Notice of Alibi" filed by the appellant identified Laray Buntyn as a witness to establish the defense of alibi. Second, minimal diligence in the preparation of the case would have required trial counsel to have investigated the identity of the second person involved in the drug transaction. Finally, Buntyn stated in his affidavit that the appellant contacted him prior to trial and that he and the appellant discussed the appellant's pending trial, although they "just couldn't talk on the phone like we really wanted to." There is nothing in the record to indicate that the appellant attempted to procure Buntyn's presence at trial;

6

the mere fact that Buntyn was incarcerated at the time of the trial did not prevent Buntyn from testifying. See Tenn. Code Ann. § 40-21-305 (1997).

We conclude that the trial court correctly denied the appellant's motion. There is no competent proof before us to establish that the appellant exercised reasonable diligence in searching for the evidence prior to trial. Accordingly, the trial court did not abuse its discretion by denying the motion for new trial. This issue is without merit.

## II. Sufficiency of the Evidence

In his final issue, the appellant asserts that the evidence presented at trial was not sufficient to support a conviction for the delivery of less than .5 grams of cocaine beyond a reasonable doubt. In support of this issue, the appellant attacks the credibility of Officer Kenneth Jones, the only eyewitness to the undercover drug transaction. Specifically, he argues that (1) Kenneth Jones admitted to drinking beer at the time he arrived at the residence at 219 Margin Street; (2) Kenneth Jones testified that the residence in which he purchased the crack cocaine was 215, 219 or 319 Margin Street; (3) Kenneth Jones was not identified as a person in the chain of custody on the sealed evidence envelope; and (4) the appellant was not identified on the videotape of the transaction. Additionally, the appellant refers to contradictions between the State's proof and the proof presented by the defense.

The record offers explanation to the appellant's specific attacks on Officer Kenneth Jones. First, Officer Jones testified that, while working undercover, he often would have a few sips of beer in order to "blend in" in an attempt to look and act the part of a "crack head." He stated that he was in no way impaired or intoxicated at the time of the undercover transaction. Second, Officer Jones explained that he could not remember the exact address of the transaction without

7

the aid of his field notes. Third, the absence of Officer Jones' identity on the evidence envelope was in conformance with undercover narcotics procedure of the Bolivar Police Department. Finally, Officer Jones testified that the "pin hole" camera was located inside the Cadillac. Obviously, the camera would not have been able to video-record the transaction occurring inside the house.

Essentially, the appellant's argument rests on his attack of the credibility of Officer Kenneth Jones. A guilty verdict, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves any conflicts in the evidence favorably to the State's theory. State v. Hatchett, 560 S.W.2d 627, 630 (Tenn.1978). It is not the duty of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. See generally State v. Adkins, 786 S.W.2d 642, 646 (Tenn. 1990); State v. Burlison, 868 S.W.2d 713, 718-19 (Tenn. Crim. App. 1993); State v. Matthews, 805 S.W.2d 776, 779 (Tenn.Crim. App.1990). The jury has the authority, as the trier of fact, to believe or disbelieve the testimony of any witness. In the case *sub judice*, the jury chose to accredit the testimony of Kenneth Jones and reject the alibi presented by the defense. We decline the appellant's invitation to overturn his conviction by making a choice different from that of the jury.

Moreover, the appellant has failed to show that the evidence presented was insufficient for any rational trier of fact to find the essential elements of this offense beyond a reasonable doubt. Tenn. R. App. P. 13(e). First, there is no dispute as to the substance and quantity of the sale. Moreover, Officer Kenneth Jones positively identified the appellant and his co-defendant as the two individuals that sold him three rocks of crack cocaine on July 15, 1997. Tenn. Code Ann. § 39-17-417(a)(2), (c)(2) (1997). Accordingly, this issue is without merit.

Finding the issues raised by the appellant to be without merit, we affirm the judgment of conviction and sentence entered by the trial court.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
L. T. LAFFERTY, Judge