
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 7, 2017

**STATE OF TENNESSEE v. WILLIAM SAPPINGTON**

**Appeal from the Criminal Court for Shelby County**
**No. 13-02533        W. Mark Ward, Judge**

_____

**No. W2016-01010-CCA-R3-CD**

_____

The Defendant-Appellant, William Sappington, was convicted by a Shelby County jury of theft of property with the value of more than $10,000 but less than $60,000, a Class C felony. T.C.A. § 39-14-103, 105(a)(4). The sole issue presented for our review in this appeal as of right is whether the evidence is sufficient to support his conviction. Upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and J. ROSS DYER, JJ., joined.

Patrick E. Stegall, Memphis, Tennessee, for the Defendant-Appellant, William Sappington.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Counsel; Amy P. Weirich, District Attorney General; and Ann Schiller, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On February 5, 2013, Fred Williams, a yard maintenance worker and the victim herein, was atop a tree in the backyard of a home located on Judy Lynn Street in Memphis. The victim had parked his truck, which had a sixteen-foot trailer with lawn mowers and other equipment attached to it, in front of the house. While the victim was in the backyard, a neighbor, Jeff Mayes, looked outside his window and noticed "two guys" attempting to unhook the victim's trailer from the victim's truck. Mayes knew the victim, believed the men were attempting to steal the trailer, and called the police. As the men continued to unhitch the victim's trailer, the police arrived and arrested the defendant. The defendant was subsequently charged with and convicted of theft of

property valued over $10,000. As a Range III offender, the defendant was sentenced to fifteen years' imprisonment to be served at forty-five percent.

The defendant filed a motion for new trial, arguing that the State had failed to prove that he "knowingly obtained" or "exercised control over" the victim's property. He further claimed that the State failed to prove the value of the victim's property. On May 10, 2016, the trial court conducted a hearing on the defendant's motion for new trial. At the beginning of the hearing, the trial court specifically recalled that it provided a jury instruction for attempt at the defendant's trial. The trial court then denied relief and reasoned as follows:

> So, the jury looked at this case as attempt or a completed act and they decide[d] it was a completed act. From my memory, I thought it was a completed act itself as far as exercising control over the property. But, it was close enough to let the jury make the decision. But I think the evidence legally is sufficient to support that he was exercising control.
>
> I was concerned as far a[s] value is concerned, about questions around them. But twice on the record the question was phrased the trailer is worth a certain amount. The word worth was used twice. One time on cross examination, your statement was that that's how much the trailer was worth. It wasn't direct, it was a question that the trailer was worth about a certain amount. Nobody asked, but twice the word worth was used and there was a litany of discussion about how much he paid for it. I think the combination of that and the twice talk about what it was worth is enough, at least fair market value. I thought it was the jury's decision.

In this appeal, the defendant challenges the evidence supporting his conviction on the same grounds. He again claims the evidence adduced at trial supported an attempt to commit theft of property, rather than theft, because he did not "obtain" or "exercise control over" the victim's trailer and its equipment. He additionally argues that the State failed to establish the value of the property. In response, the State contends the evidence was sufficient to support the conviction of theft because the trailer had been moved several feet and unhooked from where the victim had originally left it. Upon our review, we agree with the State.

We apply the following well established legal framework in our review of this issue. "Because a verdict of guilt removes the presumption of innocence and raises a presumption of guilt, the criminal defendant bears the burden on appeal of showing that the evidence was legally insufficient to sustain a guilty verdict." State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009) (citing State v. Evans, 838 S.W.2d 185, 191 (Tenn.

- 2 -

1992)).  When a defendant challenges the sufficiency of the evidence, the standard of review applied by this court is "whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  State v. Parker, 350 S.W.3d 883, 903 (Tenn. 2011) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  Similarly, Rule 13(e) of the Tennessee Rules of Appellate Procedure states, "Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt."  When this court evaluates the sufficiency of the evidence on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence.  State v. Davis, 354 S.W.3d 718, 729 (Tenn. 2011) (citing State v. Majors, 318 S.W.3d 850, 857 (Tenn. 2010)).

Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two.  State v. Sutton, 166 S.W.3d 686, 691 (Tenn. 2005); State v. Hall, 976 S.W.2d 121, 140 (Tenn. 1998).  The standard of review for sufficiency of the evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'"  State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009)).  The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence.  State v. Campbell, 245 S.W.3d 331, 335 (Tenn. 2008) (citing Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)).  Moreover, the jury determines the weight to be given to circumstantial evidence and the inferences to be drawn from this evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury.  Dorantes, 331 S.W.3d at 379 (citing State v. Rice, 184 S.W.3d 646, 662 (Tenn. 2006)).  When considering the sufficiency of the evidence, this court shall not substitute its inferences for those drawn by the trier of fact.  Id.

"In the absence of direct evidence, a criminal offense may be established exclusively by circumstantial evidence."  Dorantes, 331 S.W.3d at 379 (citing Duchac v. State, 505 S.W.2d 237, 241 (Tenn. 1973); Marable v. State, 313 S.W.2d 451, 456-58 (Tenn. 1958)).  "The jury decides the weight to be given to circumstantial evidence, and '[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury.'"  Rice, 184 S.W.3d at 662 (quoting Marable, 313 S.W.2d at 457).  This court may not substitute its inferences for those drawn by the trier of fact in cases involving circumstantial evidence.  State v. Sisk, 343 S.W.3d 60, 65 (Tenn. 2011) (citing State v. Lewter, 313 S.W.3d 745, 748 (Tenn. 2010)).  The standard of review for sufficiency of the evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'"  Dorantes, 331 S.W.3d at 379 (quoting Hanson, 279 S.W.3d at 275).

One commits a theft of property if, with the intent to deprive the owner thereof, the person knowingly obtains or exercises control without the owner's effective consent. T.C.A. § 39-14-103. Traditionally, the carrying away of property, no matter how slight the distance, with any intent to deprive the owner, constituted a larceny. See, e.g., Caruso v. State, 326 S.W.2d 434, 435 (Tenn. 1958). The successor offense, theft, is a Class C felony if the property obtained is $10,000 or more but less than $60,000. T.C.A. § 39-14-105(a)(4).

Value is defined as follows:

(i) [t]he fair market value of the property or service at the time and place of the offense; or

(ii) [i]f the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the offense.

Id. §39-11-106(a)(35)(A); see also State v. Tony Leon Higgs, No. 02C01-9610-CC-00360, 1997 WL 404036, at *2 (Tenn. Crim. App. July 18, 1997).

A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense:

(1) Intentionally engages in action or causes a result that would constitute an offense if the circumstances surrounding the conduct were as the person believes them to be;

(2) Acts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or

(3) Acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

T.C.A. § 39-12-101(a)(1)-(3). By its plain language, the offense of criminal attempt is committed when a person, "acting with the kind of culpability otherwise required for the offense," either "engages in action" or "[a]cts" so as to satisfy any one of the three numbered subsections. Id.; see also T.C.A. § 39-12-101 Sentencing Comm'n Cmts. ("the offense is basically one of criminal intent coupled with acts that clearly demonstrate the offender's proclivity toward criminality.").

Taking the evidence in the light most favorable to the State, we are inclined to agree with the trial court, and conclude the evidence adduced at trial is sufficient to support the defendant's conviction of theft. In regard to the taking of the victim's property, a neighbor observed "two guys get out the truck and start unhooking [the victim's] truck and try to back up to it and go with it[.]" The men "got [the victim's trailer] unhooked and [tried] to back up to it but couldn't hook it, it had turned on them, so they couldn't get it good[.]" The men moved the trailer "a couple of feet" from the truck before they were thwarted by the police. After the victim was notified by the police of the situation, the victim came to the front of the house and observed that his trailer was moved off of his truck some "twenty or thirty feet[.]" The victim described how the truck the men were driving was parked in relation to his trailer and said it was "jackknifed with the trailer and they had backed up to it with the trailer hitch[.]" The victim did not give the defendant permission to take his trailer or the equipment it contained. While this is certainly far from overwhelming proof of taking the victim's property, it is sufficient to establish the defendant "knowingly obtained" the victim's property. Moreover, the same argument was presented to and rejected by the jury in this case. We therefore conclude the evidence is sufficient to support the defendant's conviction of theft. See, e.g., Caruso, 326 S.W.2d at 435-36 (noting that the slightest change of location—is sufficient to support element of asportation) (internal citations and quotations omitted).

In regard to the value of the victim's property, when asked if the victim purchased his trailer, the victim replied, "Yes, I did." Asked how much he paid for the trailer, the victim replied, "About thirty-five hundred." Asked specifically the value of the trailer "back then," the victim said he had added a tailgate to his trailer, which increased the trailer's value to approximately $5,000. The victim later testified that he purchased the trailer ten years prior to the offense, but he could not be certain of the date. The victim also testified as to the value of the other equipment on his trailer, which included the following: an orange lawn mower, valued at $2,500, purchased about a year prior to the offense, a John Deere tractor, valued at $3,500, purchased about two years prior to the offense, a weed eater tractor, valued at $2,000, purchased a year and a half prior to the offense; and a Yardman push-mower, valued at $800, purchased a year and a half prior to the offense. Here, the defendant essentially argues that the depreciation of property was not considered at trial. From all of the circumstantial evidence presented from the victim's testimony, a jury could properly infer that the value of the property taken was between $10,000.00 and $60,000.00. A trier of fact may, from all of the evidence presented at trial, determine the fair market value of the stolen property. State v. Hamm, 611 S.W.2d 826, 828-29 (Tenn. 1981); Tony Leon Higgs, 1997 WL 404036, at *2-3. Thus, the evidence is sufficient. The defendant is not entitled to relief.

## CONCLUSION

Based on the above authority, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE